IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-16-0363 |
| GERALD JOHNSON, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Gerald Johnson's *pro se* Motion to Vacate for Actual Innocence (ECF No. 1073). The Court will construe the Motion as requesting relief under both 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c), and it will deny the Motion in its entirety.

### I. BACKGROUND

On January 25, 2018, Johnson was convicted by a jury of five counts relating to his leadership role in the Black Guerilla Family, a violent Baltimore gang. (ECF No. 648 at 5, 8.) Among numerous other criminal activities, Johnson conspired to distribute large quantities of illegal drugs, illegally possessed ammunition, and personally ordered the murders of two men. (*Id.* at 8, 11, 16.) The Court sentenced Johnson to multiple terms of life imprisonment. After a limited remand (ECF No. 876), the Fourth Circuit affirmed Johnson's convictions and sentence in an opinion and judgment that was entered on December 9, 2022 (ECF No. 1050). Johnson did not seek to appeal further to the Supreme Court.

On July 24, 2025, Johnson filed the instant Motion. (ECF No. 1073.) Although much of the Motion is unclear, Johnson seems to attempt to collaterally attack his conviction in several ways. Among other things, Johnson seems to contend that the Court lacked subject matter

jurisdiction over his case, that 18 U.S.C. § 922(g)(1) is unconstitutional, and that ammunition seized from a search of his car should have been suppressed. He also seeks a reduction in his sentence. The Government responded on November 3, 2025. It argues that Johnson's claims are time-barred under 28 U.S.C. § 2255(f). Johnson has replied and states that he was attempting to bring his motion under 18 U.S.C. § 3582(c), which contains no statute of limitations, rather than under 28 U.S.C. § 2255, which does. (ECF No. 1081.)

## II. DISCUSSION

Except for his argument regarding a sentence reduction, all of Johnson's claims seek to collaterally attack his conviction. Accordingly, despite Johnson's protests, the Court can evaluate those claims only under § 2255. However, the Court will evaluate the argument for a sentence reduction under § 3582(c).

### A. § 2255 Motion to Vacate

Under § 2255, a defendant has one year to file a motion collaterally attacking his conviction. As relevant here, this one-year clock begins to run from "the date on which the judgment of conviction became final." 28 U.S.C. § 2255(f)(1). After a Court of Appeals issues its judgment, a conviction becomes final when the Supreme Court affirms the conviction, denies a petition for certiorari, or when the time for filing a petition for certiorari expires. *Clay v. United States*, 537 U.S. 522, 527 (2003). To be timely, a petition for certiorari must be filed within 90 days of the Court of Appeals' entry of judgment. Sup. Ct. R. 13(1). Here, because the Fourth Circuit's entry of judgment was on December 9, 2022, Johnson's convictions became final on March 8, 2023. Because the instant Motion was filed more than one year after this date, on July 24, 2025, the § 2255 claims are untimely. Accordingly, they will be denied.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the Court's order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can "demonstrate both (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (internal marks omitted). Johnson does not satisfy the above standards. Accordingly, a certificate of appealability will not issue.

### B.   § 3582(c) Motion for Sentence Reduction

Johnson next seems to argue that his sentence should be reduced either based on Amendment 821 to the United States Sentencing Guidelines or because extraordinary and compelling reasons warrant a sentence reduction. Both claims lack merit.

As to Amendment 821, Parts A and C affect only the computation of a defendant's criminal history score. But this is irrelevant here because Johson's total offense level was 43. (ECF No. 648 at 21.) Thus, regardless of his criminal history score, his Guidelines range would be life imprisonment. And Part B of Amendment 821 only applies to zero-point offenders. Johnson had 18 criminal history points. (*Id.* at 31.) Thus, this Part is inapplicable as well.

As to extraordinary and compelling reasons, Johnson states that his sentence "was enhanced for priors stemming from the age of 25 and under." (ECF No. 1073-2.) And he contends

3

that his "youthfulness . . . shouldn't have been used against [him]" when the Court computed his sentence. (*Id.*) But this is not an extraordinary and compelling reason for a sentence reduction because the prior crimes he committed as a "youth" had no ultimate effect on his Guidelines sentencing range, which the Court followed when imposing Johnson's sentence. That is because, as explained above, Johson's total offense level mandated a Guidelines recommendation of life imprisonment, no matter the criminal history category. Finally, Johnson does not explain how the 18 U.S.C. § 3553(a) factors favor a sentence reduction, nor could he. The nature and seriousness of Johnson's conduct cannot be overstated. He was a leader of a notorious and violent Baltimore gang. He coordinated large-scale drug activity. And he personally ordered the murders of multiple people. Johnson's current sentence reflects the seriousness of these crimes and protects the public from future crimes that he could commit. Accordingly, the motion for a sentence reduction will be denied.

### III. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Defendant Gerald Johnson's Motion (ECF No. 1073), construed as a Motion under both 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c), is DENIED;
2. A certificate of appealability SHALL NOT ISSUE as to the § 2255 claims;
3. The Clerk SHALL CLOSE this case and the related civil case, 25-CV-2422-JKB.

Dated this 18 day of February, 2026.

BY THE COURT:

James K. Bredar
United States District Judge